No. 25-13546

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

DELTA AIR LINES, INC. AND AEROVIAS DE MEXICO S.A. DE C.V.,

*Petitioners*,

v.

DEPARTMENT OF TRANSPORTATION,

*Respondent*.

_____

On Petition For Review Of An Order Of The Department Of Transportation
Docket DOT-OST-2015-0070

_____

## DELTA AIR LINES, INC.'S MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL ITS MOTION FOR STAY AND SUPPORTING DECLARATIONS

| | |
|---|---|
| Peter Carter | Eugene Scalia |
| Marguerite H. Taylor | *Counsel of Record* |
| DELTA AIR LINES, INC. | Amir C. Tayrani |
| 1030 Delta Boulevard | Christine M. Buzzard |
| Atlanta, GA  30320 | Michael P. Corcoran |
| | GIBSON, DUNN & CRUTCHER LLP |
| Steven J. Seiden | 1700 M Street, N.W. |
| Christopher Walker | Washington, D.C.  20036 |
| DELTA AIR LINES, INC. | (202) 955-8500 |
| 601 Pennsylvania Avenue, N.W. | escalia@gibsondunn.com |
| Suite 700 | |
| Washington, D.C.  20005 | |

*Counsel for Petitioner Delta Air Lines, Inc.*

*Delta Air Lines, Inc. and Aerovías de México S.A. de C.V. v. Department of Transportation*,
Case No. 25-13546

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rules 26.1-1 through 26.1-3 and 27-1(a)(10), Petitioner Delta Air Lines, Inc. provides the following certificate of interested persons:

1. **Aerovías de México S.A. de C.V.**, Petitioner.

2. **Christine M. Buzzard**, counsel for Petitioner Delta Air Lines, Inc.

3. **Peter Carter**, Chief External Affairs Officer of Delta Air Lines, Inc.

4. **Michael P. Corcoran**, counsel for Petitioner Delta Air Lines, Inc.

5. **Gregory D. Cote**, counsel for Respondent the United States Department of Transportation.

6. **Delta Air Lines, Inc.**, Petitioner (NYSE: DAL).

7. **Charles F. Donley II**, counsel for Petitioner Aerovías de México S.A. de C.V.

8. **Grupo Aeroméxico S.A.B. de C.V.** (AEROMEX.MX), parent company of Aerovías de México S.A. de C.V.

9. **Matthew J. MacLean**, counsel for Petitioner Aerovías de México S.A. de C.V.

10. **Steven Mintz**, counsel for Respondent the United States Department of Transportation.

11. **Robert Nicholson**, counsel for Respondent the United States Department of Transportation.

12. **Edward W. Sauer**, counsel for Petitioner Aerovías de México S.A. de C.V.

13. **Eugene Scalia**, counsel for Petitioner Delta Air Lines, Inc.

14. **Steven J. Seiden**, Director – Regulatory Affairs of Delta Air Lines, Inc.

15. **Nicole Steinberg**, counsel for Petitioner Aerovías de México S.A. de C.V.

16. **Marguerite H. Taylor**, Deputy General Counsel and Chief Litigation Counsel of Delta Air Lines, Inc.

17. **Amir C. Tayrani**, counsel for Petitioner Delta Air Lines, Inc.

18. **Christopher Walker**, Director – Regulatory and International Affairs of Delta Air Lines, Inc.

19. **United States Department of Transportation**, Respondent.

The below are subsidiaries of Delta Air Lines, Inc.

Aero Assurance Ltd.
Aircraft Foreign Sales, Inc.
Cardinal Insurance Company (Cayman) Ltd.
Comair Holdings, LLC
Comair, Inc.
Comair Services, Inc.
Compass Airlines, Inc.
Crown Rooms, Inc.
DAL Global Services, LLC
DAL Moscow, Inc.

Delta AirElite Business Jets, Inc.
Delta Air Lines, Inc. and Pan American World Airways, Inc.—Unterstutzungskasse GMBH
Delta Air Lines Dublin Limited
Delta Air Lines Private Limited
Delta Benefits Management, Inc.
Delta Connection Academy, Inc.
Delta Loyalty Management Services, LLC
Epsilon Trading, LLC
Kappa Capital Management, LLC
MCH, Inc.
Mesaba Aviation, Inc.
MLT Inc.
Montana Enterprises, Inc.
New Sky, Ltd.
Northwest Aerospace Training Corporation
Northwest Airlines Charitable Foundation
Northwest Airlines Corporation
Northwest Airlines, Inc.
NW Red Baron LLC
NWA Fuel Services Corporation
NWA Real Estate Holding Company LLC
NWA Retail Sales Inc.
NWA Worldclub, Inc.
Tomisato Shoji Kabushiki Kaisha

The below are subsidiaries of Aerovías de México S.A. de C.V.

Administradora Especializada en Negocios, S.A. de C.V.
Aerolitoral, S.A. de C.V.
Aeromexpress, S.A. de C.V.
Aerosys, S.A. de C.V.
Aerovías Empresa De Cargo, S.A. de C.V.
AM DL MRO JV, S.A.P.I. de C.V.
Am Formación Interna, S.A. de C.V.
Centro de Capacitación Alas de América, S.A. de C.V.
Corporación Nadmin, S.A. de C.V.
Empresa de Mantenimiento Aéreo, S.A. de C.V.
Estrategias Especializadas de Negocios, S.A. de C.V.
Fundación Aeroméxico, A.C.

*Delta Air Lines, Inc. and Aerovías de México S.A. de C.V. v. Department of Transportation*,
Case No. 25-13546

Inmobiliaria Avenida Fuerza Aérea Mexicana 416, S.A. de C.V.
Inmobiliaria Boulevard Aeropuerto 161, S.A. de C.V.
Inmobiliaria Grupo Aeroméxico, S.A. de C.V.
Operadora de Franquicias y Productos Aéreos, S.A. de C.V.
Sistemas Integrados de Soporte Terrestre En México, S.A. de C.V.

    The below are affiliates of Aerovías de México S.A. de C.V.

Aeroméxico Cargo, S.A.P.I. de C.V.
AM BD GP JV, S.A.P.I. de C.V.
Concesionaria de Vuelos, S.A. de C.V.
Integración y Supervisión de Recursos Corporativos, S.A. de C.V.
Loyalty Servicios Profesionales Mundiales, S.A. de C.V.
Plm Premier, S.A.P.I. de C.V.
Servicios Corporativos Aeroméxico, S.A. de C.V.
T2 Servicios Aeroportuarios, S.A. de C.V.

    No publicly traded company or corporation apart from those listed above has an interest in the outcome of the case. Petitioners will file an amended certificate of interested persons should they become aware of a change in interests that would affect the disclosures as required by Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-4.

    Additionally, pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-2, counsel for Petitioner Delta Air Lines, Inc. hereby certify that Petitioner Delta Air Lines, Inc. is a publicly held company, traded under stock ticker NYSE: DAL, with no parent company. Counsel for Petitioner Delta Air Lines, Inc. further certify that no publicly held corporation holds 10% or more of Delta Air Lines, Inc.'s stock. The Vanguard Group, Inc. owns 10% or more of Delta Air Lines, Inc.'s stock.

## MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL

On October 9, 2025, Delta Air Lines, Inc. ("Delta") petitioned this Court for review of the Department of Transportation's Order terminating approval of the longstanding Joint Venture between Delta and Aerovías de México S.A. de C.V. *See* Petition for Review, *Delta Air Lines, Inc. et al. v. Dep't of Transp.*, No. 25-13546, ECF No. 1-2 (11th Cir. Oct. 9, 2025).

Delta is today filing with this Court a motion requesting a stay of the Department's Order ("Stay Motion") pending the resolution of Delta's petition for review. In support of its Stay Motion, Delta is providing the Court with declarations that contain confidential, proprietary, and commercially sensitive information, some of which is also contained in the Stay Motion itself. Pursuant to Federal Rule of Appellate Procedure 27 and 11th Circuit Rule 25-3(h), Delta respectfully moves this Court for leave to file partially under seal its Stay Motion and its supporting declarations. In accordance with 11th Circuit Rule 25-3(h), Delta publicly files this motion to seal, attaching redacted versions of the Stay Motion and its supporting declarations. Delta will separately file unredacted versions of both under seal.

Like other courts, this Court often permits litigants to file confidential or sensitive business information under seal. *See, e.g.*, Order, *Hunt Refining Co. v. EPA*, No. 22-12535 (11th Cir. Dec. 27, 2022); Order, *Duty Free Ams., Inc. v. The Estée Lauder Cos.*, No. 14-11853 (11th Cir. Aug. 1, 2014); Order, *FTC v. Phoebe*

1

*Putney Health Sys.*, No. 11-12906 (11th Cir. Jul. 6, 2011).  Although there is a "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), that right is "not absolute," *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021).  "[G]ood cause" may exist "to prevent such access," *id.*, such as when litigants move to seal "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598.  Similarly, "[c]oncerns about trade secrets or other proprietary information . . . can overcome the public interest in access to judicial documents." *Callahan*, 17 F.4th at 1363; *Declan Flight, Inc. v. Textron Eaviation, Inc.*, 2024 WL 22018, at *1 (M.D. Fla. Jan. 2, 2024) (courts within the Eleventh Circuit "routinely recogniz[e] that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view").  The information Delta seeks to maintain under partial seal satisfies this standard.

The Stay Motion and its supporting declarations include nonpublic, confidential, and proprietary business information, including highly sensitive market and competitive analyses as well as details about Delta's internal planning and strategy, operations, decisionmaking processes, and relations with other businesses and customers.  If disclosed, this information could be used by competitors to their strategic advantage, and to Delta's disadvantage, in making competitive decisions.

2

Delta would suffer substantial competitive harm if the confidential information were disclosed to the public. These are exactly the sorts of materials that this Court has routinely permitted to be filed under seal. *See, e.g.*, Order, *Hunt Refining Co.*, No. 22-12535 (11th Cir. Dec. 27, 2022) (granting motion to seal confidential business information that, if revealed, would harm petitioner's business and competitive standing); Order, *Duty Free Ams.*, No. 14-11853 (11th Cir. Aug. 1, 2014) (granting motion to seal revenues, market share, and internal business communications); Order, *Phoebe Putney Health Sys.*, No. 11-12906 (11th Cir. July 6, 2011) (granting motion to seal proprietary business information).

    For the foregoing reasons, Delta respectfully requests that the Court grant this motion for leave to file partially under seal its Stay Motion and its supporting declarations.

Dated: October 24, 2025

Respectfully submitted,

*/s/ Eugene Scalia*
Eugene Scalia
Amir C. Tayrani
Christine M. Buzzard
Michael P. Corcoran
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500
escalia@gibsondunn.com

Peter Carter
Marguerite H. Taylor
DELTA AIR LINES, INC.
1030 Delta Boulevard
Atlanta, GA 30320

Steven J. Seiden
Christopher Walker
DELTA AIR LINES, INC.
601 Pennsylvania Avenue, N.W.
Suite 700
Washington, D.C. 20005

*Counsel for Delta Air Lines, Inc.*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate 32(g)(1), the undersigned certifies that this motion complies with the applicable typeface, type style, and type-volume limitations. This motion was prepared using a proportionally spaced type (Times New Roman, 14-point font). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f), this motion contains 611 words. This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare this brief.

October 24, 2025                                      Respectfully submitted,


                                                  */s/ Eugene Scalia*
Eugene Scalia
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

Certificate 1

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I caused a true and correct copy of this motion to be filed electronically through the Court's CM/ECF system, which will send a notice of filing to all registered users.

    */s/ Eugene Scalia*
Eugene Scalia
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500