**No. 25-13546**

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

DELTA AIR LINES, INC., AND AEROVIAS DE MEXICO S.A. DE C.V.,
*Petitioners,*

*v.*

DEPARTMENT OF TRANSPORTATION,
*Respondent.*

On Petition for Review of an Order of the Department of Transportation
Docket DOT-OST-2015-0070

## MOTION TO EXPEDITE

GREGORY ZERZAN
  *General Counsel*
CHARLES E. ENLOE
  *Assistant General Counsel*
ERIN D. HENDRIXSON
  *Acting Deputy Assistant General Counsel*
FARIS MOHAMMED
  *Senior Trial Attorneys*

United States Department of Transportation
1200 New Jersey Ave., S.E.
Washington, D.C.  20590

OMEED A. ASSEFI
  *Acting Assistant Attorney General*
DINA KALLAY
  *Deputy Assistant Attorney General*
DAVID B. LAWRENCE
  *Policy Director*
DANIEL E. HAAR
ROBERT B. NICHOLSON
STEVEN J. MINTZ
  *Attorneys*

United States Department of Justice
Antitrust Division

950 Pennsylvania Ave., NW
Washington, D.C.  20530
(202) 353-0256
steven.mintz@usdoj.gov

No. 25-13546

*Delta Air Lines, Inc., and Aerovias de Mexico S.A. de C.V. v. Department of Transportation*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Respondent certify that the Certificates of Interested Persons filed by Petitioners on October 21, 2025, and October 22, 2025, omit the following:

Enloe, Charles E., Assistant General Counsel of Respondent U.S. Department of Transportation

Haar, Daniel E., Chief, Appellate Section, Antitrust Division, U.S. Department of Justice

Hendrixson, Erin D., Acting Deputy Assistant General Counsel for Respondent U.S. Department of Transportation

Kallay, Dina, Deputy Assistant Attorney General for the Antitrust Division

Lawrence, David B., Policy Director for the Antitrust Division

Mohammed, Faris, Senior Trial Attorney for Respondent U.S. Department of Transportation

Zerzan, Gregory, General Counsel of Respondent U.S. Department of Transportation

C - 1 of 1

**INTRODUCTION**

The briefing of this case is now complete, and the Department of Transportation asks the Court to expedite the case and schedule oral argument (which all parties have requested) for the earliest available date. The order challenged here determined that Petitioners—Delta Air Lines, Inc., and Aerovías de México, S.A. de C.V. ("Aeroméxico")—are operating a joint venture that is "substantially reduc[ing] or eliminat[ing] competition in relevant markets and is adverse to the public interest." Supp.App.73. Each day that the venture exists, Petitioners are able to coordinate on pricing and capacity—reducing options for air travelers, impeding cargo transport, and forcing rivals to compete on an uneven playing field. Supp.App.73-75. Expediting oral argument will ensure that those anticompetitive effects come to an end sooner and thus benefit all those who depend on airline service. Petitioners, moreover, will suffer no prejudice. Indeed, concluding these proceedings quickly will give them clarity about the legal constraints within which they must operate going forward.

**BACKGROUND**

Since the Department approved Petitioners' joint venture and granted antitrust immunity in 2016, Petitioners have been on notice that the approval and immunity were time-limited and conditional. App.100, 102, 119, 125-27, 131. And, since the Department issued a

1

show-cause order in January 2024, Petitioners have been on notice that the conditions justifying approval and immunity were no longer satisfied. *See* App.229-33. Accordingly, in September 2025, the Department issued a final order (the "Order") "'end[ing] approval' of the joint venture" and withdrawing antitrust immunity. Supp.App.75 (quoting 49 U.S.C. § 41309(b)(1)). The Department gave Petitioners until January 1, 2026, to wind down the venture, noting that imminent action was necessary because "[a]ny actual or potential harm is affecting stakeholders, including consumers, *now*." Supp.App.76, 95.

Petitioners filed a petition for review and moved to stay the Order pending review. *See* Pet. for Review, App. Doc. 1-2; Aeroméxico Time-Sensitive Motion to Stay, App. Doc. 13-1 ("Aeroméxico Stay Motion"); Motion for Stay of Delta Air Lines, Inc. ("Delta Stay Motion"), App. Doc. 16-1. This Court granted the stay, without explanation. *See* Order, App. Doc. 23-2.

## ARGUMENT

This Court "may, . . . for good cause shown on motion of a party, advance an appeal for hearing." 11th Cir. R. 34-4(f); *see* 28 U.S.C. § 1657(a); Fed. R. App. P. 27, 11th Cir. I.O.P. 3. Good cause for expedition exists here.

1. As the Order and the Department's response brief explained, Petitioners' "predominant share ('almost 60 percent')" at Mexico City's

2

Benito Juarez International Airport ("MEX") "creates the possibility for anticompetitive and efficiency-reducing outcomes such as reduced growth, decreased capacity for lower-yield connecting traffic, and exclusionary conduct." Supp.App.73; *see* Resp. Br. 38-39. Because the joint venture continues to operate to this day, consumers are being "deprive[d] . . . of the benefits of competition *pendente lite*," *FTC v. Elders Grain, Inc.*, 868 F.2d 901, 904 (7th Cir. 1989), necessitating a rapid resolution to ensure that the deprivation does not persist.

The Order documented an extensive array of anticompetitive effects already flowing or likely to flow from the joint venture's ongoing operation. Petitioners' market power at MEX, "the fourth-largest gateway to the United States," has enabled them to use their joint venture's price- and capacity-setting powers to gain an advantage over rivals. Supp.App.73. For instance, even as the Government of Mexico arbitrarily confiscated slots from various airlines, Petitioners "use[d] scale and coordinated action" to initiate new flights from MEX. Supp.App.74; *see* App.410 & n.73. Similarly, when the Government of Mexico barred all-cargo carriers from MEX, Petitioners "coordinate[d] cargo operations" so that their share of MEX cargo tonnage tripled from less than 20% to more than 60% in six months. Supp.App.74; *see* App.412. The joint venture has thus become a tool of "legalized collusion" that enables Petitioners to limit flyers' options at MEX by

3

ensuring that rivals cannot gain a foothold.  App.409; *see* Resp. Br. 13, 38-40, 43-45.

The joint venture has also failed to deliver consumer benefits. Petitioners grew more slowly than their competitors at MEX from 2016 through 2023 and more slowly in the U.S.-Mexico market as a whole from 2016 through 2024.  Supp.App.85-86; App.424-25; *see* Resp. Br. 47-49.  And, as Petitioners have admitted, their "overall connections beyond MEX are down"—with 76% of traffic on Aeroméxico's U.S.-Mexico flights ending in Mexico City compared to 44% before the joint venture.  Supp.App.86; *see* Resp. Br. 42-43.

2.  The joint venture's continuing anticompetitive effects justify expedition.  Courts considering injunctive relief in antitrust cases have found reduced competition to be irreparable harm.  *See Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016) ("A lessening of competition constitutes an irreparable injury under our case law."); *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660-61 (2d Cir. 2015) ("'strong' showing that competition and consumers will suffer irreparable harm" due to limited "consumer choice" and "economic harm to consumers"); *Collins Inkjet Corp. v. Eastman Kodak Co.*, 781 F.3d 264, 279 (6th Cir. 2015) ("It is appropriate to use a preliminary injunction to avoid harms to goodwill and competitive position.").  By the same logic, Petitioners should not be permitted to continue harming

competition and consumers on a daily basis for longer than is necessary, and expedition—followed by the denial of their review petition—will bring their anticompetitive conduct to an end sooner.  Indeed, delay risks entrenching Petitioners' competitive advantage:  The joint venture enables them to "harm[] consumers" and benefit from "an unlevel playing field," and "these effects are getting worse over time."  App.418; *see* Supp.App.83-85.

Finally, Petitioners will suffer no prejudice from expedited argument.  They have emphasized the importance of "'[c]ertainty and predictability' in the U.S.-Mexico passenger market."  Delta Stay Motion at 23 (citation omitted); *see* Aeroméxico Stay Motion at 21. Resolving their petition quickly will provide them with certainty about the joint venture's permissibility and enable them, as the Department believes is required, to "w[i]nd down" the venture "in an orderly, deliberate manner," Aeroméxico Stay Motion at 21—for which they have had since January 2024 to prepare, *see* Resp. Br. 55-56.

Counsel for Petitioners have informed the Department that Petitioners take no position on this motion and do not currently intend to file an opposition.

## CONCLUSION

The Court should expedite proceedings and schedule oral argument for the earliest available date.

March 27, 2026

Respectfully submitted,

 */s/ Steven J. Mintz*

GREGORY ZERZAN
  *General Counsel*
CHARLES E. ENLOE
  *Assistant General Counsel*
ERIN D. HENDRIXSON
  *Acting Deputy Assistant
  General Counsel*
FARIS MOHAMMED
  *Senior Trial Attorneys*

United States Department
of Transportation
1200 New Jersey Ave., S.E.
Washington, D.C.  20590

OMEED A. ASSEFI
  *Acting Assistant Attorney
  General*
DINA KALLAY
  *Deputy Assistant Attorney
  General*
DAVID B. LAWRENCE
  *Policy Director*
DANIEL E. HAAR
ROBERT B. NICHOLSON
STEVEN J. MINTZ
  *Attorneys*

United States Department of
  Justice
Antitrust Division
950 Pennsylvania Ave., NW
Washington, D.C.  20530
(202) 353-0256
steven.mintz@usdoj.gov

*Counsel for Respondent
  U.S. Department of
  Transportation*

6

## CERTIFICATE OF COMPLIANCE

I hereby certify, this 27th day of March, 2026, that the foregoing motion complies with the applicable type-face, type-style, and type-volume limitations.  This motion was prepared using a proportionally spaced type (New Century Schoolbook, 14-point font) and consists of 1,037 words.  This certificate was prepared in reliance on the word-count function of the Microsoft Word word-processing system used to prepare the motion.

*/s/ Steven J. Mintz*

Steven J. Mintz

*Attorney for the U.S. Department of Transportation*

## CERTIFICATE OF SERVICE

I hereby certify that, this 27th day of March, 2026, I caused a true and correct copy of the foregoing motion to be filed using the Court's CM/ECF system, which automatically sends notification to the parties and counsel of record.

*/s/ Steven J. Mintz*

Steven J. Mintz

*Attorney for the U.S. Department of Transportation*