**U.S. Department of Justice**

Antitrust Division

---

*RFK Main Justice Building*

*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530-0001*

June 15, 2026

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA  30303

> Re:  *Delta Air Lines, Inc., et al. v. Department of Transportation*, No. 25-13546

Dear Mr. Smith:

Respondent U.S. Department of Transportation submits this letter under Federal Rule of Appellate Procedure 28(j) in response to the letter submitted by Delta Air Lines dated June 4, 2026.

The May 2026 Memorandum of Consultations between the Department and its Mexican counterpart agency should have no bearing on the Court's review.  The Memorandum was not before the Department when it issued the Final Order in September 2025, and it therefore is not relevant to the lawfulness of the Order.  And the key facts have not changed:  the Memorandum is only a non-binding acknowledgement of specific actions needed to ensure Mexico's full compliance with the U.S.-Mexico Air Transport Agreement.

In particular, the Memorandum is not relevant to the Department's consideration in September 2025 of alternatives to ending approval of the Delta-Aeromexico joint venture.  The Department did not know at that time that Mexico would make certain commitments eight months later, and delaying action for months (or longer) based on the hope of future progress would have violated the Department's statutory mandate to end approval of joint ventures that substantially reduce competition under current market conditions.

The Memorandum (which does not mention the Final Order) does not resolve any competition issue in itself.  The Memorandum reflects certain commitments by Mexico, which Mexico has not yet fully implemented.  The Department cannot rely on such commitments to inform its public interest determination; rather, the Department must see evidence of actual regulatory and policy reform in Mexico and resulting changes to competitive dynamics in the market.  If actual conditions change in the future, Delta and Aeromexico can raise them when the Department considers a renewal or new application for approval and antitrust immunity.

David J. Smith
U.S. Court of Appeals for the Eleventh Circuit
Page 2

Respectfully submitted,

/s/ Steven J. Mintz
Steven J. Mintz

Attorney for the Department
of Transportation